United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BILLY E. CRAMER, | NO. C 05-02068 JW   PR |
| Petitioner(s),<br>v. | **ORDER OF DISMISSAL; DENYING AS MOOT MOTIONS TO PROCEED IN FORMA PAUPERIS** |
| WILLIAM DUNCAN, Warden, | **DOCKET NOS. 2, 4** |
| Respondent(s)._____/ | |

## INTRODUCTION

On May 19, 2005, Petitioner filed a completed form entitled "Petition for a Writ of Habeas Corpus" (docket no. 1).[1] On March 29, 2006, the Court dismissed the petition with leave to amend. In that Order, the Court advised Petitioner that he had failed to assert identifiable federal claims, and directed Petitioner to amend his petition to clearly and concisely state his grounds for relief and the factual basis for his claims.

In addition, the Court advised Petitioner that he had failed to allege he had exhausted his state remedies, and directed Petitioner to specifically indicate in his amended petition whether he had exhausted his claims, i.e., whether he pursued his claims through the state appellate court system up

---

[1] Petition has filed approximately fifty-four lawsuits in the federal courts across California, none of which appear to have been successful to date.

Order of Dismissal
N:\JW Cases\05\05-2068jw.ord.dis.wpd

to and including the California Supreme Court. The Court warned Petitioner that if he failed to allege he had exhausted his claims, his action would be dismissed without prejudice to refiling after available state judicial remedies were exhausted. In addition, the Court advised Petitioner that his petition appeared untimely, and directed Petitioner to allege sufficient facts in his amended petition to establish that his petition was timely filed. Petitioner filed an amended petition on May 1, 2006.

## DISCUSSION

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall issue an order directing the respondent to show cause why the writ should not be granted unless it plainly appears from the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or he seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an

Order of Dismissal
N:\JW Cases\05\05-2068jw.ord.dis.wpd        2

impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). AEDPA's one-year time limit does not begin to run against any state prisoner before the date of the Act's enactment. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), cert. denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). A prisoner with a state conviction finalized before April 24, 1996 therefore has until April 24, 1997, to file a federal habeas petition on time. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Contrary to the Court's specific instructions, the Amended Petition fails to allege any identifiable federal claim. Instead, Petitioner labels his claims in vague and conclusory language: (1) "due process or fair trial ineffective rep"; (2) "reasonable doubt beyond! reason to doubt"; and (3) favorable evidence bullet hole scars medical records."

Further, Petitioner admits that the Amended Petition is not exhausted: In the form petition for a writ of habeas corpus provided by the district court, Petitioner indicates with a checkmark that he has not appealed to the California Supreme Court.

In addition, the Court finds that the Amended Petition is untimely. Almost ten years have passed since Petitioner's limitations period began to run on April 24, 1996, and Petitioner does not allege facts that would give rise to a delayed commencement of the limitations period under subsections (2) to (4) listed above. Petitioner also does not allege any basis for tolling the statute of limitations.

Accordingly, the case is DISMISSED without prejudice. The motions to proceed in forma

Order of Dismissal
N:\JW Cases\05\05-2068jw.ord.dis.wpd           3

pauperis are DENIED as moot.

Dated: August 15, 2006

_____
JAMES WARE
United States District Judge

Order of Dismissal
N:\JW Cases\05\05-2068jw.ord.dis.wpd            4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Billy E. Cramer
H12246
Salinas Valley State Prison
P. O. Box 1050 cell d-4-109
Soledad, Ca 93960

| | |
|---|---|
| **Dated: August 15, 2006** | **Richard W. Wieking, Clerk** |
| | By: _____ |
| | **Albert "J" Younger** |
| | **Courtroom Deputy** |

Order of Dismissal
N:\JW Cases\05\05-2068jw.ord.dis.wpd

**United States District Court**
For the Northern District of California